# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| KARLA GONZALEZ and JAIME RETIGUIN BARBA, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> ALLIED COLLECTION SERVICES, INC., <br><br> Defendant. | 2:16-cv-02909-MMD-VCF <br> **ORDER** <br><br> MOTION TO STAY DISCOVERY (ECF NO. 33) |

Before the Court is Defendant Allied Collection Services, Inc.'s ("Allied") Motion to Stay Discovery. (ECF No. 33). For the reasons discussed below, Allied's motion is denied.

## BACKGROUND

Allied obtained a signed confession of judgment from Jaime Retiguin (a non-party in this case) in Las Vegas Justice Court case 16C011433. (ECF No. 10 at 3). Allied attempted to garnish funds from Retiguin's bank account, but the money was actually taken from the account of Jaime Retiguin Barba, Sr., Retiguin's father. (*Id.* at 6). Once notified of the mistake, Allied returned most of the money "but refused to fully reimburse Barba." (*Id.* at 7).

On September 1, 2016, Allied issued a Writ of Execution against Karla Gonzalez, Retiguin's wife. (*Id.* at 4). On October 3, 2016, Gonzalez filed a motion in the Justice Court case arguing that she was not responsible for the debt and the debt was already paid. (*Id.*). Gonzalez retained counsel that appeared at a hearing on November 7, 2016, where Allied agreed to cease garnishing Gonzalez's wages. (*Id.*).

Gonzalez and Barba subsequently filed this action claiming Allied violated the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 10 at 7-8). Allied filed a motion to dismiss Plaintiff's

amended complaint, arguing "the complaint should be dismissed because: (1) Mr. Barba is not a 'consumer,' (2) Allied did not violate the FDCPA, and (3) many of Ms. Gonzalez's allegations are barred by principals of Judicial Admission; and Issue Preclusion." (ECF No. 15 at 2). As part of the motion to dismiss, Allied "requested that the Court take Judicial Notice of 19 Exhibits that demonstrate that the Plaintiff's claims are without merit." (*Id.*).

Allied file a motion to stay discovery pending the resolution of its motion to dismiss. (ECF No. 33). Allied argues it is likely to succeed in its motion to dismiss because the statutes cited in the complaint do not apply to Barba and Allied was not threatening to Barba. (*Id.* at 5). In addition, Allied asserts Gonzalez's "claims in the current matter are clearly inconsistent [with the claims she made in the Justice Court case] and thus, should be barred by Judicial Estoppel." (*Id.* at 7). While it is difficult to understand what claims Allied is referring to in its motion for stay, Allied appears to reference allegations regarding when Allied became aware that at least a portion of Retiguin's debt had been repaid.[1] (ECF No. 15 at 14-25).

## DISCUSSION

### I. Legal Standard

When evaluating a motion to stay discovery while a dispositive motion is pending, the court initially considers the goal of Federal Rule of Civil Procedure 1: the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." The Rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "[A] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should

---

[1] The Court notes that any claims Gonzalez may have previously made that Retiguin's debt was not community property are no longer at issue in the amended complaint.

be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503. Generally, imposing a stay of discovery pending a motion to dismiss is permissible if there are no factual issues raised by the motion to dismiss, discovery is not required to address the issues raised by the motion to dismiss, and the court is "convinced" that the plaintiff is unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *See TradeBay, LLC v. Ebay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id.* Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id.* When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* The purpose of the "preliminary peek" is not to prejudge the outcome of the motion to dismiss. Rather, the court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.

## II. DISCUSSION

Allied's motion to dismiss is potentially dispositive and needs no further discovery to resolve, as it has been fully briefed.[2] However, without prejudging the outcome of the motion, the Court is not convinced that Plaintiffs are unable to state a claim for relief against Allied.

### A. Barba's Claims Against Allied

Allied argues Barba cannot bring a claim under the FDCPA because he is not a consumer:[3] "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Allied asserts

---

[2] There are pending motions to strike portions of Allied's reply in support of its motion to dismiss (ECF No. 21) and to extend the page limit of the reply (ECF No. 22), but this briefing should not lead to any further discovery on the motion to dismiss.

[3] There appears to be some debate in the courts on this issue, though both parties have failed to address it because Plaintiffs assert Barba is a consumer. *See Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009) (stating "the plaintiff must be a 'consumer'" to recover under the FDCPA); *Aviles v. Wayside Auto Body, Inc.*, 49 F.

Barba is not a "consumer" because the money was only taken from his account inadvertently and he was not the intended target of the garnishment. (ECF No. 33 at 5-6). While the parties agree that Barba should not have paid any amount of his son's debt, the parties also agree that (1) Barba's bank account was actually garnished for a period of time and (2) the full amount taken from Barba's bank account has not been returned. Barba argues he is a "consumer" under the FDCPA because Allied took money from him without justification to pay a debt and refused to refund the entire amount. (ECF No. 34 at 12-13). This appears to be a novel issue of law. This Court cannot reach a conclusion on this issue, as it would impermissibly prejudge the outcome of the motion to dismiss. However, the Court notes that Barba has suffered a financial harm, which weighs in favor of finding that Barba has standing in this case.

In addition, the Court cannot simply rely Allied's factual contentions to grant its motion to stay discovery. Allied asserts it did not violate the FDCPA with regards to Barba because the only interaction to take place between Allied and Barba was a letter Barba wrote to Allied. (ECF No. 33 at 6). However, the amended complaint asserts that "allied told Barba that it refused to fully refund Barba's loss." (ECF No. 10 at 7). Without prejudging the outcome of the motion to dismiss, it appears that there is a factual dispute regarding the contact between Allied and Barba that could prevent the Court from granting Allied's motion to dismiss. Because the Court is not convinced that Barba is unable to state a claim for relief, the Court denies Allied's motion to stay discovery with respect to Barba.

**B. Gonzalez's Claims Against Allied**

Allied's motion to dismiss relies on the Court (1) taking judicial notice of 19 attached exhibits and (2) applying the doctrines of judicial estoppel or issue preclusion to Gonzalez's claims. (ECF No. 15 at 2). The decisions to take judicial notice or apply the doctrines of judicial estoppel and issue preclusion are left to the discretion of the court. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001); *Robi v. Five Platters, Inc.*,

---

Supp. 3d 216, 228 (D. Conn. 2014) ("many courts from other circuits have held that standing under section 1692f is not limited to 'consumers' and instead extends to 'anyone aggrieved by a debt collector's'" actions).

838 F.2d 318, 321 (9th Cir. 1988). The fact that Allied's motion to dismiss relies on such discretionary arguments weighs against granting Allied's motion to stay discovery.

In addition, assuming the Court takes judicial notice of Allied's exhibits and applies judicial estoppel or issue preclusion in evaluating Allied's motion to dismiss, the Court is not convinced that Allied's motion will be granted. Allied asserts that the Justice Court case filings indicate that Allied only received notice that payments had been made on Retiguin's debt when Gonzalez filed her October 3 motion in the Justice Court case. (ECF No. 15 at 8, 16-18). Since Allied filed its Writ of Execution in September, Allied argues that Gonzalez cannot claim that Allied took improper steps in collecting the debt. (*Id.*). However, Plaintiffs contend that Allied took actions after the October 3 motion that were improper under the FDCPA, such as misrepresenting to the Justice Court that Gonzalez's motion was brought in bad faith. (ECF No. 10 at 5, ECF No. 34 at 8-11). Allied's arguments do not address actions Allied allegedly took after the October 3 motion.

After a preliminary peek, the Court finds that Allied's motion to dismiss raises several discretionary and factual issues that this Court cannot fully address at this time. Because the Court is not convinced that Gonzalez is unable to state a claim for relief, the Court denies Allied's motion to stay discovery with respect to Gonzalez.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Allied's Motion to Stay Discovery (ECF No. 33) is hereby DENIED.

IT IS SO ORDERED.

DATED this 30th day of October, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE