# EXHIBIT A

Michael Kind, Esq.
Nevada Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
6069 S. Fort Apache Rd., Ste 100
Las Vegas, NV 89148
Phone: (800) 400-6808 x7
mkind@kazlg.com

Sara Khosroabadi, Esq.
Nevada Bar No. 13703
**HYDE & SWIGART**
8985 S. Eastern Avenue, Suite 350
Las Vegas, NV 89148
Phone: (619) 233-7770
sara@westcoastlitigation.com

David H. Krieger, Esq.
Nevada Bar No. 9086
**HAINES & KREIGER, LLC**
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiffs Karla Gonzalez and Jaime Retiguin Barba, Sr.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Karla Gonzalez and Jaime Retiguin Barba, Sr.,<br><br>Plaintiffs,<br><br>v.<br><br>Allied Collection Services, Inc.<br><br>Defendant. | Case No.: 2:16-cv-02909-MMD-VCF<br><br>**PLAINTIFFS' REQUEST TO DEFENDANT FOR PRODUCTION OF DOCUMENTS, SET TWO** |

**PROPOUNDING PARTY:**     Plaintiffs Karla Gonzalez and Jaime Retiguin Barba, Sr.

**RESPONDING PARTY:**     Defendant Allied Collection Services, Inc.

**SET NO:**                  Two

Under FRCP 34, Plaintiffs Karla Gonzalez and Jaime Retiguin Barba, Sr. (individually "Plaintiff Gonzalez" and "Plaintiff Barba" and collectively "Plaintiffs") submit the following requests for documents to Defendant Allied Collection Services, Inc. to produce at the Kazerouni Law Group, APC office located at 6909 S. Fort Apache Rd., Suite 100, Las Vegas, NV, 89148. Responses must be served within 30 days (plus any additional time allowed under statute for manner of service) of service of these requests, in keeping with the applicable Federal Rules of Civil Procedure.

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

## DEFINITIONS

A. The term "Defendant" refers to the party responding to these discovery requests and each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all person acting or purporting to act on the responding parties' behalf.

B. The term "You" refers to the party responding to these discovery requests and each of its affiliates, attorneys, accountants, divisions, subdivisions, predecessors, directors, officers, employees, agents, representatives and all person acting or purporting to act on the responding parties' behalf.

C. "Propounding Party" and/or "Plaintiff" shall mean and refer to the Plaintiff in this case and each and all of Plaintiff's attorneys, consultants, investigators, representatives, board members, officers, and anyone else acting on their behalf.

D. The term "Document" means any writing or recording as defined in Rule 1001 of the Federal Rules of Evidence, including any drafts, revisions and computer-readable materials. "Document" shall also mean electronic mail, tapes, disks, diskettes, data cells, tape backups, drums, printouts, and all other data compilations from which information can be obtained (translated, if necessary, by Defendant through detection devices into usable form).

E. The term "person" refers to natural persons, proprietorships, corporations, partnerships, trusts, joint venture groups, associations and organizations.

F. "Relating to" and "related to" mean, without limitation, relating to, concerning, constituting, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove or disprove or explain.

G. "Correspondence" means any letter, memorandum or other writing.

H. "Communication" includes, without limitation, in-person or telephone conversations, telegrams, telexes, tapes, or other sound recordings or means of transmitting information from one source to another.

I. The connectives "and" and "or" mean either disjunctively or conjunctively as necessary to bring with in the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

J. The use of the singular includes the plural and vice versa.

K. The use of one gender includes all others, appropriate in the context.

## INSTRUCTIONS

A. If Defendant objects to furnishing any requested Document on the ground of privilege, immunity, work product or otherwise, please provide a written statement in which Defendant identify the specific ground on which Defendant's objection is based and the Document objected to by furnishing its date, author, recipient, a general description of the subject matter of the Document and the reason why the Document is protected. Notwithstanding Defendant's objection, Defendant must disclose any evidence to which you

   object that contains non-objectionable matter which is relevant and material to the discovery requests, but You may withhold the portion for which You assert the objection, subject to further request or motion, provided that Defendant furnish the above-requested identification.

B. If Defendant later discovers additional responsive documents, Defendant is obligated to supplement Defendant's responses pursuant to FRCP 26(e).

C. All electronic files are to be produced as kept in the ordinary course of business. Defendant shall not remove metadata from any file prior to production.

## **REQUEST FOR PRODUCTION**

1. Plaintiffs' consumer reports you accessed in the last two years.
2. The original documents you received from your client in connection with the Mendoza account, i.e., the documents Mendoza sent you when you first began collecting on the Mendoza account at issue in this case.
3. The original documents you received from your client in connection with the Fisher account, i.e., the documents Fisher sent you when you first began collecting on the Fisher account at issue in this case.
4. The original documents you received from your client in connection with the Macintyre account, i.e., the documents Macintyre sent you when you first began collecting on the Macintyre account at issue in this case.
5. Any contract that you have with Macintyre, relating to collecting on Macintyre's behalf.
6. Any contract that you have with Fisher, relating to collecting on Fisher's behalf.
7. Any contract that you have with Mendoza, relating to collecting on Mendoza's behalf.
8. A running balance of the Macintyre account from when you started collecting on that account until present.
9. A running balance of the Fisher account from when you started collecting on that account until present.

10. A running balance of the Mendoza account from when you started collecting on that account until present.

DATED this 23rd day of March 2018.

                                          **KAZEROUNI LAW GROUP, APC**

                                          By: /s/ Michael Kind
                                                 Michael Kind, Esq.
                                                 6069 S. Fort Apache Rd., Ste 100
                                                 Las Vegas, NV 89148
                                                 *Attorneys for Plaintiff*