KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

# EXHIBIT D

VERNON A. NELSON, JR., ESQ.
Nevada Bar No.: 6434
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 252
Las Vegas, NV 89123
Tel.: 702-476-2500
Fax.: 702-476-2788
E-mail: vnelson@nelsonlawfirmlv.com
*Attornesy for Allied Collection Services, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KARLA GONZALEZ and JAIME RETIGUIN BARBA, SR.,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED COLLECTION SERVICES, INC.,<br><br>Defendant. | Case No.: 2:16-cv-02909-MMD-VCF<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFFS' INTERROGATORIES SET TWO** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, named Defendant Allied Collection Services, Inc. ("Defendant" or "Allied") hereby responds to the Second Set of Interrogatories propounded by Plaintiffs Karla Gonzalez and Jaime Retiguin Barba, Sr. ("Plaintiffs," or "Ms. Gonzalez" or "Mr. Barba," as dictated by the particular Interrogatory), as follows:

**GENERAL RESPONSES AND OBJECTIONS**

Each of the Responding Defendant's responses, in addition to any specifically stated objections, is subject to and incorporates the following general responses and objections. The assertion of the same, similar, or additional objections, or a partial response to any individual request does not waive any of the Defendant's general responses and objections.

1. The following responses reflect the current state of the Defendant's knowledge, understanding and belief respecting matters about which inquiry has been made. The Defendant expressly reserve their right to supplement or modify these responses with such pertinent information as it may hereafter discover or as may be informed by the opinions of experts retained by the parties to testify in the trial of this matter, and will do so to the extent required by the Federal Rules of Civil

THE LAW OFFICE OF VERNON NELSON
ATTORNEY AT LAW

Procedure. The Defendant expressly reserve the right to rely on, at any time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

2. The Defendant objects to any interrogatory that seeks information constituting or containing information concerning communications between the Defendant and its counsel, which are protected by the attorney-client privilege.

3. The Defendant object to any interrogatory that seeks information constituting or containing information prepared in anticipation of or as a result of litigation or which is otherwise protected by the work product doctrine or other available privilege or protection.

4. The inadvertent provision of information or the production by the Defendant of documents pursuant to Fed. R. Civ. P. 33(d) containing information protected from discovery by the attorney-client privilege, work product doctrine or any other applicable privilege, shall not constitute a waiver of such privileges with respect to that information or those or any other documents. In the event that inadvertent production occurs, the Plaintiffs shall return all inadvertently produced documents to the Defendant upon request, and/or shall make no use of the contents of such information or documents nor premise any further discovery on information learned therefrom.

5. The Defendant objects to any interrogatory to the extent that it purports to impose upon it any obligation beyond those imposed by the Federal Rules of Civil Procedure, including, but not limited to, any interrogatory that exceeds the scope of Federal Rules of Civil Procedure 26(b) and 33.

6. The Defendant objects to these interrogatories to the extent that they are over-broad, unduly burdensome, vague, ambiguous, confusing, that they require speculation to determine their meaning, and/or that they use imprecise specifications of the information sought.

7. The Defendant objects to any interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8. The Defendant objects to any interrogatory as unduly and unnecessarily burdensome to the extent that it seeks information that is a matter of public record, already in the Plaintiffs' possession, or otherwise readily available to the Plaintiffs, and, therefore, may be accessed and

obtained by the Plaintiffs with less burden than to the Defendant.

9. None of the objections or responses contained herein is an admission concerning the existence of any documents or materials, the relevance or admissibility of any documents, materials or information, or the truth or accuracy of any statement or characterization contained in Plaintiffs' First Set of Interrogatories. The Defendant's written responses are made without waiving, but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy, materiality or any other proper grounds, to the use of the information provided herein, in whole or in part, in any subsequent proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other discovery requests involving or relating to the subject matter of these requests; and (c) the right at any time to revise, correct, add or clarify any of the responses provided herein.

10. The Defendant objects to any interrogatory to the extent it is a contention interrogatory. Pursuant to Fed. R. Civ. P. 33(c), the Defendant objects to any such interrogatory on the grounds that it is premature in light of the present early stage of discovery. The Defendant expects to receive documents through discovery that will concern and provide information responsive to such interrogatories. Because Fed. R. Civ. P. 26 imposes a duty of supplementation, complying with such interrogatories would require the Defendant to continually supplement its responses each time it receives an additional document or information concerning the subject contention on which the interrogatory seeks information. Doing so would cause the Defendant to suffer unnecessary burden and expense and would not serve to narrow the issues that are in dispute. *See, e.g, Nestle Foods Corporation, v. Aetna Casualty and Surety Company,* 135 F.R.D. 101, 110-111 ( D.N.J. 1990); *Conopco, Inc. v. Warner-Lambert Co.*, 2000 WL 342872, * 4 (D.N.J. 2000); *B. Braun Medical Inc., v. Abbot Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994). Accordingly, in response to any such contention interrogatory, the Defendant will provide a response encompassing the current state of its knowledge, belief, and understanding, but reserve the right to supplement its interrogatory response pursuant to Fed. R. Civ. P. 26 at the conclusion of discovery, both as to the merits of this action and with respect to experts designated to testify at trial.

11. The Defendant object to any interrogatory that seeks information that is already in the

Plaintiffs' possession.

12. The Defendant states that the answer to many of the Plaintiffs' interrogatories may, in substantial part, be derived or ascertained from the Defendant's records as well as documents produced by the Defendant in discovery. Pursuant to Fed. R. Civ. P. 33(d), as the burden of deriving or ascertaining the answer to such interrogatories from such records and documents is substantially the same for the Defendant, the Defendant will respond to such interrogatories by identifying the documents and records from which the answer may be ascertained. Responsive documents and records in the Defendant's possession are identified by bates number, and responsive documents and records produced by the Plaintiffs are identified by bates number and/or category description to the extent possible. To the extent that the Plaintiffs do not have in their possession such documents bearing identified bates numbers, the Defendant will make such bates-numbered documents available for the Plaintiffs' inspection and copying at a mutually convenient time and place.

13. Unless otherwise indicated, the Defendant will not provide information encompassed by their general objections or by their specific objections set forth below.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1:**

Did you access either of Plaintiffs' credit reports after this case was filed?

**RESPONSE TO INTERROGATORY NO. 1:**

Allied objects to this interrogatory on the basis that it is vague and compound. Specifically, the interrogatory is vague because it fails to provide a definition of the word "access" as the term can be considered a "term of art" when referencing credit reports or profiles of individuals. Further, the interrogatory is compound because it requests that Allied answer as to all defendants in a single response.

**INTERROGATORY NO. 2:**

Please state every date that you accessed Plaintiffs' credit reports.

**RESPONSE TO INTERROGATORY NO. 2:**

Allied objects to this interrogatory on the basis that it is vague and compound. Specifically, the interrogatory is vague because it fails to provide a definition of the word "access" or "accessed" as

the term can be considered a "term of art" when referencing credit reports or profiles of individuals. Further, the interrogatory is compound because it requests that Allied answer as to all defendants in a single response.

**INTERROGATORY NO. 3:**

Provide a running balance of the Macintyre account from when you started collecting on that account until present.

**RESPONSE TO INTERROGATORY NO. 3:**

Allied objects to this interrogatory on the basis that it is vague and overbroad. Specifically, the interrogatory is vague because it fails to set forth if the "running balance" requested should include payments as well as any adjustments and interest accrued on the "Macintyre account." Further, the interrogatory is vague and overbroad because it fails to set forth if the "running balance" should be provided for the period of time when the account was a debt or after the debt was included as part of the Judgment in the underlying debt collection case, or both.

**INTERROGATORY NO. 4:**

Provide a running balance of the Fisher account from when you started collecting on that account until present.

**RESPONSE TO INTERROGATORY NO. 4:**

Allied objects to this interrogatory on the basis that it is vague and overbroad. Specifically, the interrogatory is vague because it fails to set forth if the "running balance" requested should include payments as well as any adjustments and interest accrued on the "Fisher account." Further, the interrogatory is vague and overbroad because it fails to set forth if the "running balance" should be provided for the period of time when the account was a debt or after the debt was included as part of the Judgment in the underlying debt collection case, or both.

**INTERROGATORY NO. 5:**

Provide a running balance of the Mendoza account from when you started collecting on that account until present.

///

///

**RESPONSE TO INTERROGATORY NO. 5:**

Allied objects to this interrogatory on the basis that it is vague and overbroad. Specifically, the interrogatory is vague because it fails to set forth if the "running balance" requested should include payments as well as any adjustments and interest accrued on the "Mendoza account." Further, the interrogatory is vague and overbroad because it fails to set forth if the "running balance" should be provided for the period of time when the account was a debt or after the debt was included as part of the Judgment in the underlying debt collection case, or both.

DATED this 26th day of April, 2018.

THE LAW OFFICE OF VERNON NELSON

By: */s/ Vernon Nelson*
VERNON A NELSON, JR., ESQ.
Nevada Bar No.: 6434
9480 S. Eastern Avenue, Suite 252
Las Vegas, NV 89123
Tel: 702-476-2500
Fax: 702-476-2788
E-Mail: vnelson@nelsonlawfirmlv.com
*Attorneys for Allied Collection Services, Inc.*

**CERTIFICATE OF SERVICE**

I, Danielle Alvarado, hereby certify that on the 26th day of April, 2018, I served copies of the following document(s):

**DEFENDANT'S RESPONSES TO PLAINTIFFS' INTERROGATORIES SET TWO**

by first class US mail to the person(s) named below at the address(es) stated below for such person(s):

Michael Kind, Esq.
KAZEROUNI LAW GROUP
6069 S Fort Apache Road, Ste 100
Las Vegas, NV 89148
T: 800-400-6808 x7
mkind@kazlg.com
*Attorneys for Plaintiffs*

Sara Khosroabadi, Esq.
HYDE & SWIGART
8985 S. Eastern Ave., Ste 350
Las Vegas, NV 89123
T: 619-233-7770
sara@westcoastlitigation.com
*Attorneys for Plaintiffs*

David H. Krieger, Esq
HAINES & KRIEGER
8985 S. Eastern Ave., Ste 350
Las Vegas, NV 89123
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiffs*

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is a true and correct statement and that this Certificate was executed on the aforementioned date above.

An employee of
**THE LAW OFFICE OF VERNON NELSON**