# EXHIBIT F



ATTORNEYS (Jurisdictions):
Abbas Kazerounian, Esq. – Partner  (CA, TX, AZ, IL, DC)
Mohammad Kazerouni, Esq. – Partner (CA, TX, DC)
Assal Assassi, Esq. – Partner (CA)
Matthew Loker, Esq. – Partner (CA, WA, TX)
Jason Ibey, Esq. – Associate (CA)
Mona Amini, Esq. – Associate (CA)
Emily Beecham, Esq. – Associate (CA)
Ryan McBride, Esq. – Managing Associate (AZ, CA, UT, WA)
Michael Kind, Esq. – Managing Associate (NV)

Joshua Swigart, Esq. – Of Counsel (CA, DC)
Robert Hyde, Esq. – Of Counsel (CA, MN)
Corey Hanrahan, Esq. – Of Counsel (CA)
Anthony Chester, Esq. – Of Counsel (MN, TX, MI)
Sahar Malek, Esq. – Of Counsel (CA)
Masih Kazerouni, Esq. – Of Counsel (CA, TX)

6069 S. Fort Apache Rd., Ste 100
Las Vegas, Nevada 89148

**Consumer Attorneys**

Phone: (800) 400-6808 x 7
Fax: (800) 520-5523

www.kazlg.com
vegasdebtdefense.com

May 17, 2018

**Sent via email and U.S. Mail**
Vernon A. Nelson, Jr., Esq.
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV 89123
vnelson@nelsonlawfirmlv.com

RE: *Gonzalez, et al v. Allied Collection services, Inc.,* 2:16-cv-02909-MMD-VCF

Dear Mr. Nelson:

I write on behalf of Karla Gonzalez and Jaime Retiguin Barba ("Plaintiffs") regarding your client, Allied Collection Services, Inc.'s ("Defendant") deficient discovery responses. I am writing regarding Plaintiff's Second Set of discovery requests.

**Request for production #2**. The request is straight forward: provide the documents provided to Allied from Mendoza from when Mendoza sent the account to Allied for collection. There were no responsive documents provided. This is particularly relevant since Allied collected interest on this account and Plaintiffs are entitled to see the documents originating the collection, including the agreement between Mendoza and Allied. Plaintiff are entitled to view the documents assigning any amount to collect to Allied - and what that amount was. Allied received that information from Mendoza (otherwise, how did it know what/how much to collect?).

**Request for production #3**. The issue is the same as Request for production #2, but in connection with the Fisher debt, instead of Mendoza.

**Request for production #4**. The issue is the same as Request for production #2, but in connection with the Macintyre debt, instead of Mendoza.

**Request for production #5 and 6**. The request is straight forward: provide the agreement that allows Allied to collect the debt in the first place. These requests are relevant to this case where Plaintiffs allege that Allied was collecting amounts it was not entitled to. Furthermore, the agreements will specify the terms of collection (i.e., when to cease

**CALIFORNIA   —   NEVADA   —   TEXAS   —   ARIZONA**

collection once the principal had been paid or the insurance paid the debt). The agreements also will specify what can be collected (collection costs, attorneys fees, etc). The request therefore seeks very relevant information and must be produced.

**Request for production #8-10**. I would like to meet and confer to determine why the "running balance" documents never existed. Is it because the request is too "vague" and "overbroad" or because there is, in fact, no running balance documents.

**Interrogatory #1 and 2**. "Access" is plain english. Did Allied pull (obtain, access, get) either of Plaintiff's credit reports after this case was filed? the request is relevant since it shows that Allied continued to attempt to collect debt from Plaintiffs. In particular to Plaintiff Barba, it shows that Allied's systems cannot differentiate between the father and the son, at issue in this case. Additionally, there is only one defendant in this case.

**Interrogatory #3, 4, and 5**. The request is not vague or overbroad. It simply asks for Allied to provide the original balance and all payments and adjustments on the account. It is a simple request and central to the issues in this case.

I would therefore like to meet and confer about the above. Given the short amount of time before discovery closes, please advise if you are available to meet and confer either tomorrow (Friday) or Monday or Tuesday.

Thank you,

*Michael Kind*

Michael Kind, Esq.

**CALIFORNIA    —    NEVADA    —    TEXAS    —    ARIZONA**