# EXHIBIT L

```
 1                UNITED STATES DISTRICT COURT
 2                     DISTRICT OF NEVADA
 3
 4
 5   Karla Gonzalez and Jaime    )
     Retiguin Barba, Sr.,        )
 6                               )
                 Plaintiffs,     )
 7                               )
         vs.                     ) Case No. 2:16-cv-
 8                               ) 02909-MMD-VCF
     Allied Collection Services, )
 9   Inc.,                       )
                                 )
10                Defendant.     )
                                 )
11
12
13
         DEPOSITION OF ALLIED COLLECTION SERVICES, INC.
14                     by ALLISON SMITH
15
16    Taken at the Law Offices of Kazerouni Law Group, APC
            6069 South Fort Apache Road, Suite 100
17                    Las Vegas, Nevada
18                On Monday, January 22, 2018
                       At 10:00 a.m.
19
20
21
22
23
24
     Reported by:  Margie L. Carlson
25                 C.C.R. No. 287
```

Page 1

```
1   APPEARANCES:
2      For the Plaintiffs:  MICHAEL KIND, ESQ.
                            Kazerouni Law Group, APC
3                           6069 South Fort Apache Road
                            Suite 100
4                           Las Vegas, Nevada  89148
                            800 400-6808 telephone
5                           800 520-5523 fax
                            mkind@kazlg.com
6
7      For the Defendant:   MARGARET G. FOLEY, ESQ.
                            Foley Law Center
8                           601 South Rancho Drive
                            Suite A-1
9                           Las Vegas, Nevada  89106
                            702 476-2500 telephone
10                          702 360-4035 fax
                            mgfoley05@gmail.com
11
                            ALLICIA B. TOMOLO, ESQ.
12                          3080 South Durango Drive
                            Suite 207
13                          Las Vegas, Nevada  89117
                            702 946-8440 telephone
14                          702 946-1035 fax
                            abtomolo@gmail.com
15
16
17              * * * * *
18
19
20
21
22
23
24
25

                                              Page 2
```

I N D E X

| WITNESS | | PAGE |
|---|---|---|
| ALLISON SMITH | | |
| Examination by Mr. Kind | | 6 |

| EXHIBITS | | MARKED |
|---|---|---|
| Plaintiffs': | | |
| Exhibit 1 | Plaintiffs' Amended Notice of Taking of Deposition of Defendant's Representative(s) Pursuant to Fed. R. Civ. P. 30(B)(6) | 9 |
| Exhibit 2 | Confession of Judgment | 27 |
| Exhibit 3 | Notice of Entry of Judgment | 35 |
| Exhibit 4 | Writ of Execution | 36 |
| Exhibit 5 | Interrogatories to be Answered by the Garnishee Under Oath | 65 |
| Exhibit 6 | Official Receipt | 67 |
| Exhibit 7 | Letter Dated 7-25-16 | 70 |
| Exhibit 8 | Rewards Savings | 82 |
| Exhibit 9 | Patient Record | 86 |
| Exhibit 10 | Defendant's Responses to Plaintiff's Interrogatories | 88 |
| Exhibit 11 | Driver's License, Healthcare Card | 93 |

```
 1        Exhibit 12   Statement                              95
 2        Exhibit 13   Debtor History Report                  96
 3        Exhibit 14   Writ of Execution                      97
 4        Exhibit 15   Payment History                       102
 5        Exhibit 16   Writ of Execution                     116
 6        Exhibit 17   Transaction Sheets                    117
 7        Exhibit 18   Case Information                      129
 8        Exhibit 19   Patient Ledger                        131
 9        Exhibit 20   VOC-NET Search                        144
10        Exhibit 21   Letter Dated 12-22-09                 163
11        Exhibit 22   Patient Face Sheet                    164
12        Exhibit 23   Patient Ledger                        164
13        Exhibit 24   Check Dated 10-13-16                  165
14        Exhibit 25   Medical Bill                          166
15        Exhibit 26   Reply to Supplement to
                       Opposition to Motion for
16                     Leave to Place on Calendar
                       for the Purpose of Opposing
17                     Defendants Claimed Exception
                       Pursuant to NRS 21.090,
18                     Counter Motion for Case
                       Termination, Debt to be
19                     Removed from Collection,
                       Reimbursement for Payment's
20                     Defendant Made, and
                       Attorney's Fee's                      239
21
          Exhibit 27   Levy Request                          250
22
23
24
25
```

```
 1    Whereupon,
 2                    ALLISON SMITH,
 3    having been first duly sworn to testify to the
 4    truth, the whole truth and nothing but the truth,
 5    was examined and testified as follows:
 6
 7              MS. FOLEY:  Before we begin, I'm Margaret
 8    Foley, counsel for Allied and just wanted to state
 9    our prior conversation on the record with regard to
10    some of the 30(b)(6) topics.
11              No. 2 asks for defendant's investigations
12    into the claims made by plaintiffs in plaintiffs'
13    complaint, referring to the FDCPA I believe and any
14    subsequent pleadings and briefing.  Our witness
15    today is Miss Allison Smith, she's a nonattorney so
16    she will not testify to legal questions and legal
17    strategy.  That's not her role.
18              Likewise No. 8, defendant's policies,
19    procedures, and practices, relating to compliance
20    with the Federal Fair Debt Collection Practices Act,
21    to the extent these questions are of a legal
22    question nature, Miss Allison is not going to be
23    able to respond to them.
24              And likewise for No. 9, defendant's
25    repeated opposition to Plaintiff Gonzalez's attempts
```

```
 1   to be exempt from execution, including Gonzalez's
 2   claims that the debt had been paid, this appears to
 3   be purely legal strategy, and again Miss Smith is
 4   not able to testify as to legal strategy.  She's not
 5   a lawyer.
 6             Thank you.  Please go ahead.
 7
 8                     EXAMINATION
 9   BY MR. KIND:
10       Q.   Would you please state your name and
11   spell it for the record?
12       A.   My name is Allison Smith, A-l-l-i-s-o-n;
13   last name S-m-i-t-h.
14       Q.   Have you ever had a deposition before?
15       A.   In my, I think a phone deposition in a
16   personal injury case.
17       Q.   Was it related to Allied Bank or was
18   it --
19       A.   No.
20       Q.   How long ago was that?
21       A.   I want to say it was approximately a year
22   or two.
23            MS. FOLEY:  And I just want to caution
24   you to let him finish his question before you
25   answer.  Don't jump in.  You might know where it's
```

Page 6

1  documents you have here to present to me.
2      Q.   Not much else.  There's a patient face
3  sheet.  There's a patient ledger.
4      A.   So do you see the previous Exhibit 12
5  that you gave me for the account that's not related
6  to the confession of judgment at all?
7      Q.   Let's see here.  Okay.
8      A.   It's this (indicating) one.  The client
9  would provide some sort of itemized document like
10 this.
11     Q.   So every time the collector calls the
12 consumer, the collector has to pull up a pdf of that
13 and see what his balance is?
14     A.   No, you asked where we would get the
15 balance from.  Upon data entry into our system
16 there's a document that shows the balance.  That
17 balance gets put into our system, so that's what the
18 debt collector would pull up.
19     Q.   Where does it get put into the system?
20     A.   Through data entry.
21     Q.   Which part of the system does this
22 information go in?
23     A.   Debtmaster.
24     Q.   Okay.  So exhibits, this Exhibit 13, the
25 debtor history report, this is a printout from

Page 120

```
 1    Debtmaster?
 2         A.    Correct.
 3         Q.    And then the patient face sheets, those
 4    are also from Debtmaster?
 5         A.    I have no idea.  What patient face
 6    sheets?  What exhibit is this?
 7         Q.    It's not an exhibit.  I'll add it later,
 8    but are you familiar with the idea of a patient face
 9    sheet?
10         A.    Yes.
11         Q.    Those are kept in Debtmaster?
12         A.    No, these are the documents that are
13    provided by our client that are then scanned in.
14         Q.    So you said that when documents
15    originally come from the client the balance is
16    entered as information into Debtmaster, correct?
17         A.    Yes.
18         Q.    Is there a report that you print out from
19    Debtmaster so that way I could see that information?
20         A.    Yes, if you print out debtor history
21    report the day that it's entered it would show right
22    there what the principal amount is.
23         Q.    So you're pointing to the first page?
24         A.    Yes, so this debtor history report is
25    only going to reflect information as of the balance,
```

Page 121

1   as of the date that the report is printed out, so
2   that's why the balance, you see those, all those
3   accounts that are listed, that's why as of
4   December 21st, 2016, there were only two that
5   remained open, one on the judgment, and the one that
6   was prior to and was not included nor had anything
7   to do with the confession of judgment, 'cuz all the
8   other accounts had been paid in full as of that day,
9   so there's not an individual note, which I believe
10  that's what you're looking for.  There's not an
11  individual note as to the balance.
12       Q.   How does Allied make money on this
13  Mendoza account?  Does it get a certain percentage?
14       A.   I do not know.  That is not something
15  that I have anything to do with.  That has to do
16  with our client services department that has the
17  client contact.  That has nothing to do with me.
18            MS. FOLEY:  Can we go off the record for
19  a moment?
20            MR. KIND:  Sure.
21                 (Whereupon, a recess was taken from
22                  2:00 p.m. to 2:03 p.m.)
23            MR. KIND:  Off the record we discussed
24  between counsel that there are certain documents
25  that may still exist relating to calculations of the

Page 122

```
 1    particular accounts in this case and original
 2    documents from the clients and other documents
 3    relating to that, and then I mentioned that there
 4    was a meet and confer about this particular issue,
 5    and we're going to just leave these questions for
 6    now open, and then hopefully more documents will
 7    come in, and then we'll see how to proceed from
 8    there.  You can correct me if I'm --
 9              MS. FOLEY:  Sure, just wanted to add that
10    after following the meet and confer we produced
11    additional numerous documents, and we're trying to
12    see if something is missing from the file, and we'll
13    diligently do that and report back.
14              MS. TOMOLO:  Yeah.
15              MR. KIND:
16        Q.   All right, so back to Exhibit 17, do you
17    see over here on the very first line it says
18    May 14, 2015?
19        A.   Yes.
20        Q.   And that looks to be the date of service
21    at Sunrise Hospital?
22        A.   Yes.
23        Q.   And this mentions anesthesia, surgery,
24    surgical lower abdomen, yeah?
25        A.   Yes.
```

Page 123

1  Q. Now, on Exhibit 13 for the Charles
2  Mendoza it says the service date was May 14, 2015.
3  Do you see that?
4  A. Yes.
5  Q. Okay. Now, going down to the middle of
6  the page do you see it says August 9, 2016?
7  A. Yes. It says that a few times.
8  Q. August 9, 2016, there's a transaction
9  amount for $685.44?
10  A. Yes.
11  Q. And that is the same amount that your
12  notes show was received in August, 2016, correct?
13  A. Yes.
14  Q. So, you know, I'm leading you a bit, it's
15  true, and maybe you don't know what this is, but do
16  you have any reason to believe that this Exhibit 17
17  is not relating to the Mendoza account?
18  A. It may be.
19  Q. And the number seems to be the same?
20  A. Yes.
21  Q. Now down on page No. 3, we are still on
22  Exhibit No. 17, so do you see the very last line, it
23  has a zero balance?
24  A. Yes.
25  Q. And that is September 7, 2016; do you see

Page 124

1     MR. KIND:
2     Q.   Do you know what this is?
3     A.   This would be a form that we request the
4  constables to have signed for accountability
5  purposes when serving a garnishment.
6     Q.   Do you have one of these for the Bank of
7  America garnishments?
8     A.   I no longer have the file so I'm not
9  sure.
10    Q.   But this is for every time there is a
11 writ that's sent out?
12    A.   Yes, we normally send one of these.  It's
13 done by personal service.
14           MR. KIND:  Okay.  I have no further
15 questions for now, but I would like to put on the
16 record that there are certain documents that were
17 discussed off the record, as we said before, and
18 there was a lot of questions also where the witness
19 didn't know the answer, and a part of that seems to
20 be because of those documents, specifically I'm
21 talking about accounting, full ledgers, and
22 accounting of the three accounts at issue in this
23 case, and I'm therefore going to keep the deposition
24 open and not close it for the purpose of recalling
25 the witness after I see those documents.

Page 250

1    MS. FOLEY:  And for the record the
2  counsel seems to presume that certain accounting
3  documents exist that may or may not exist, and we
4  will certainly try to find them, but we may not have
5  any such documents.
6    MR. KIND:  All right, do you have any
7  questions?
8    MS. FOLEY:  No.
9    MS. TOMOLO:  I don't know if you want to
10 make a record about Allison's --
11   MS. FOLEY:  Let's just do that on the
12 record.  Allison is leaving, is having major surgery
13 next month and will be out for several weeks so
14 beginning February --
15   THE WITNESS:  6.
16   MR. KIND:  All right, if there is nothing
17 else let's go off the record and conclude the
18 deposition for now.
19              (Whereupon, the deposition
20               was concluded at 5:23 p.m.)
21
22
23
24
25

Page 251

```
 1                REPORTER'S CERTIFICATE
 2
 3    STATE OF NEVADA )
                     ) ss
 4    COUNTY OF CLARK )
 5
 6         I, Margie L. Carlson, CCR No. 287, do hereby
 7    certify:
 8         That I reported the taking of the deposition
 9    of the witness, ALLISON SMITH, commencing on
10    January 22, 2018, at the hour of 10:00 a.m.
11         That prior to being examined, the witness was
12    duly sworn to testify to the truth and that I
13    thereafter transcribed said stenotypy notes and said
14    deposition is a complete, true, and accurate
15    transcription of said stenotypy notes taken down at
16    said time.
17         The witness and/or a party has not requested
18    to read and sign the deposition transcript.
19         I further certify that I am not a relative or
20    employee of any party involved in said action, nor a
21    person financially interested in the action.
22         Dated at Las Vegas, Nevada, this 3rd day
      of February, 2018.
23
24            [signature: Margie L. Carlson]
25              Margie L. Carlson
                CCR No. 287
```

Page 252