UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KARLA GONZALEZ and JAIME
RETIGUIN BARBA, SR.,

                           Plaintiffs,

        v.

ALLIED COLLECTION SERVICES, INC.,

                           Defendant.

Case No. 2:16-cv-02909-MMD-VCF

ORDER

In this case, Plaintiffs Karla Gonzalez ("Karla") and Jaime Retiguin Barba, Sr. ("Barba")[1] (collectively, "Plaintiffs") brought claims for relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Both Plaintiffs and Defendant Allied Collection Services, Inc. ("Allied") moved for summary judgment on all claims. (ECF Nos. 58, 70.) On February 6, 2019, the Court issued its ruling on these motions. (ECF No. 98.) The Court granted each parties' motion in part and denied them in part, finding favorably for Plaintiffs on Gonzalez's claims and for Allied on Barba's sole remaining claim. (*Id.*) Currently pending before the Court are several motions the parties have filed. These motions seek sanctions in the form of attorneys' fees and under Fed. R. Civ. P. 11 (ECF Nos, 103, 108, 116) as well as other ancillary relief (ECF Nos. 111 (for extension of time), 113 (motion to strike)). The Court grants the motion for extension of time (ECF No. 111) *nunc pro tunc* without further discussion. For the reasons below, the Court denies the other noted pending motions (ECF Nos, 103, 108, 113, 116).

///

///

_____

[1]Certain supporting documents identify Plaintiff as Baraba, not Barba. (ECF Nos. 58-8, 58-9) The Court uses Barba because that is the spelling providing in the Complaint and subsequent briefing. (*See, e.g.*, ECF Nos. 1, 58.)

## I.   ECF NO. 113

Pursuant to Fed. R. Civ. P. 12(f), Allied filed a motion to strike Plaintiffs' countermotion for attorneys' fees (ECF No. 108), chiefly contending that ECF No. 108 is identical to ECF No. 107—Plaintiffs' response to Allied's motion for attorneys' fees—and is therefore redundant, immaterial, and scandalous. (ECF No. 113.) Plaintiffs respond that, *inter alia*, ECF Nos. 107 and 108 were properly filed as separate documents. (ECF No. 122.) The Court agrees with Plaintiffs. The documents are properly filed under LR IC 2-2(b). Accordingly, the Court denies Allied's motion to strike.

## II.   ECF NOS. 103[2]

Allied moves for attorneys' fees under 28 U.S.C. § 1927, 15 U.S.C. § 1692k(a)(3), NRS § 18.010, and based on the Court's inherent power to grant such relief. (ECF No. 103 at 1.) The Court finds that Allied cannot establish that it is entitled to such relief on any of these grounds.

28 U.S.C. § 1927 applies to situations where "[a]ny attorney . . . multiplies the proceedings in any case unreasonably and vexatiously" and requires the attorney to personally pay the excess fees and costs. *See* 28 U.S.C. § 1927. At minimum, Allied provides no evidence supporting a vexatious finding. The Court therefore declines to order an award of fees pursuant to § 1927.

Under 15 U.S.C. § 1692k(a)(3), the Court may award reasonable attorneys' fees and costs to a defendant, if the Court finds an action was brought in bad faith *and* for the purpose of harassment. Allied relevantly argues that Barba's claims were brought in bad faith because Barba lacked credibility and counsel had a pattern of filing frivolous FDCPA claims against Allied. (ECF No. 103 at 12.) But Allied establishes neither ground. Instead, Allied presents mere conjecture that Barba's claims were brought in bad faith by supposing things that Barba should have done to prevent his counsel from moving forward with his

///

---

[2]In a status hearing held on August 5, 2019, the Court construed this motion as only seeking fees related to work associated with defending Barba's claims—not also Gonzalez's claims.

claim while separately contending that counsel is responsible for Barba's wrongful pursuit of his claims. (*Id.* at 12–13.) The Court concludes that Allied fails to establish entitlement to attorneys' fees under 15 U.S.C. § 1692k(a)(3).

The Court further finds that Allied cannot seek attorneys' fees under NRS § 18.010 because Plaintiffs' claims are brought under a federal—not state—statute. *See, e.g.*, *Klein v. City of Laguna Beach*, 810 F.3d 693, 701 (9th Cir. 2016) (citations omitted) ("[F]ederal courts apply state law for attorneys' fees to state claims because of the *Erie* doctrine . . . and *Erie*[*R. Co. v. Tompkins*, 304 U.S. 64 (1938)] does not compel federal courts to apply state law to a federal claim."); *see also Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, 257 F. Supp. 3d 1110, 1111 (D. Nev. 2017) (internal quotations and citation omitted) ("When suit is brought under a federal statute, state provisions requiring security for costs or expenses clearly are inapplicable.") (alternation omitted).

Finally, because Allied fails to establish that attorneys' fees are warranted on any of the other purported basis, the Court declines to exercise its inherent power to impose sanctions. The exercise of such power would also require the Court to conclude recklessness or bad faith and the Court finds such conclusion is unsupported. *See, e.g.*, *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) (holding that "[a]n award of sanctions under . . . the court's inherent authority requires a finding of recklessness or bad faith").

In sum, the Court denies Allied's motion seeking attorneys' fees as sanctions (ECF No. 103).

**III. ECF NO. 108**

Plaintiffs countermove for an award of attorneys' fees under 28 U.S.C. § 1927 that is essentially related to Allied's counsel's filing of ECF No. 103. (ECF No. 108 at 23.) As with Allied, the Court concludes that Plaintiffs are not entitled to an award of attorneys' fees under § 1927 because the record does not support finding the requisite basis for such relief. Plaintiffs' countermotion for an award of attorneys' fees as sanctions under § 1927 (ECF No. 108) is therefore denied.

*///*

## IV.  ECF NO. 116

Finally, Plaintiffs move for sanctions against Allied under Fed. R. Civ. P. 11 again based on Allied's filing of its motion for attorneys' fees. (*E.g.*, ECF No. 116 at 3–4.) The Court likewise concludes that an award of Rule 11 sanctions is not appropriate because the Court does not find that Allied has engaged in the necessary sanctionable conduct. *See, e.g.*, *Estate of Blue v. County of L.A.*, 120 F.3d 982, 985 (9th Cir. 1997) (providing that Rule 11 justifies sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose"); *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 1994) ("The central purpose of Rule 11 is to deter baseless filings.").

The Court denies Plaintiffs' motion for sanctions under Rule 11 (ECF No. 116).

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Allied's motion for extension of time (ECF No. 111) is granted *nunc pro tunc*.

It is further ordered that the following motions are denied: ECF Nos. 103, 108, 113, and 116.

DATED THIS 6th day of August 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE