UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KARLA GONZALEZ and JAIME RETIGUIN BARBA, SR., <br><br>Plaintiff, <br><br>v. <br><br>ALLIED COLLECTION SERVICES, INC., <br><br>Defendant. | Case No. 2:16-cv-02909-MMD-VCF <br><br>ORDER |

**I. SUMMARY**

Plaintiff Karla Gonzalez[1] brought this case under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), against Defendant Allied Collection Services, Inc. ("Allied"). Gonzalez now seeks attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3) and an award of the former as sanctions under Fed. R. Civ. P. 11. (ECF Nos. 169, 191, 192 (corrected image)[2].) Allied also requests fees and costs under § 1692k(a)(3) and fees as a sanction based on the Court's inherent power to assess such fees. (ECF No. 171.) The Court will grant Gonzalez's request for fees and costs as the prevailing party under § 1692k(a)(3), in reduced amounts. All other requests will be denied for the reasons stated herein.[3]

///

///

---

[1] Jaime Retiguin Barba, Sr. was also a Plaintiff in this action, but the Court granted summary judgment in favor of Allied on his claims (ECF No. 98).

[2] The Court finds further briefing with respect to the motion for sanctions (ECF Nos. 191, 192) is unnecessary.

[3] The Court has also considered the parties' responses (ECF Nos. 177, 178), Gonzalez's reply (ECF No. 184) and the parties' exhibits, including Allied's errata (ECF No. 172).

## II. BACKGROUND

The material facts of this case may be found in the Court's order regarding summary judgment (ECF No. 98); the Court will not repeat those facts. As relevant here, Gonzalez brought this case in December 2015. (ECF No. 1.) At the summary judgment phase, the Court found in favor of Gonzalez, concluding that Allied violated the FDCPA. (ECF No. 98.) A jury trial was held in August 2019, to determine whether Gonzalez was entitled to actual damages for emotional distress and/or statutory damages. (ECF Nos. 158, 161, 165.) The jury did not award damages for emotional distress. (ECF No. 163.) While the jury advised that Gonzalez should be awarded $1000.00 in statutory damages (*id.*), the Court found that Gonzalez was entitled to only $250.00. (ECF Nos. 161, 165.)

## III. LEGAL FRAMEWORK

Under Rule 54(d)(2), a prevailing party may move for attorneys' fees by providing the judgment, statute, rule, or grounds entitling the movant to the award. Fed. R. Civ. P. 54(d)(2)(B)(ii). Rule 54(d)(1) provides for an award of costs, unless a federal statute, rule, or court order provides otherwise. *See also Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997) (providing that Rule 54(d) creates "a presumption in favor of awarding costs to the prevailing party").

As indicated, both parties rely on § 1692k(a)(3) as a basis for an award of fees and costs. (ECF Nos. 169, 171.) That provision allows for an award of reasonable attorneys' fees and costs where a plaintiff is successful in an action brought under the FDCPA. 15 U.S.C. § 1692k(a)(3). It also permits an award to a defendant if a court finds that the plaintiff brought an action "in bad faith and for the purpose of harassment." *Id.*

Similarly, a court may exercise its inherent power to sanction by awarding attorneys' fees where it finds conduct that abuses the judicial process or that a party has acted recklessly or in bad faith. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (internal quotations and citations omitted) ("A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process . . . a court may assess attorney[s'] fees when a party has acted in bad faith,

vexatiously, wantonly, or for oppressive reasons."); *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) (holding that "[a]n award of sanctions under . . . the court's inherent authority requires a finding of recklessness or bad faith").

**IV.   ALLIED'S MOTION FOR ATTORNEYS' FEES AND COSTS (ECF NO. 171)**

Allied moves for an award of attorneys' fees and costs under Rule 54 and pursuant to § 1692k(a)(3) and the Court's discretionary power. (ECF No. 171.) The bases for Allied's request are its contentions that both it and Gonzalez are prevailing parties in this action and that Gonzalez and her counsel engaged in bad faith conduct in bringing Gonzalez's claim for emotional damages. (*E.g., id.* at 2–4.) The Court will deny Allied's motion.

The Court concludes that Gonzalez is the only prevailing party in this action for the purpose of awarding fees and costs. That is, the Court disagrees with Allied's argument which is in gist that Allied is also a prevailing party because the judgment for emotional distress damages was in its favor (ECF No. 165). (ECF No. 171 at 2–3.)

To be considered a prevailing party for statutory fee shifting, a party must secure a court order effectuating a change in the legal relationship between it and the opposing party. *Saint John's Organic Farm v. Gem Cty. Mosquito Abatement Dist.* ("*Saint John's*"), 574 F.3d 1054, 1058 (9th Cir. 2009) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)); *see also Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992) ("[A] plaintiff 'prevails' when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.").

Here, Gonzalez demonstrated at summary judgment that Allied violated §§ 1692f, 1692e(5) and e(10). (ECF No. 98.) Thus, trial was held solely to decide the amount of any actual or statutory damages Allied owed Gonzalez. A jury found that Gonzalez was not entitled to damages for emotional distress—the only actual damages sought—and therefore judgment was entered in favor of Allied in that regard. (ECF Nos. 161, 165.) However, the jury also advised the Court that Gonzalez should be awarded the maximum $1000.00 award under § 1692k(a)(2)(A) (*see* ECF No. 161). But the Court decided that

1 | an award of $250 was more proportional to Allied's violation (*id.*). In doing so, the Court considered that Allied's violation was not demonstrated to be repetitious, but nonetheless found that the violation was more than "de minimis." (ECF No. 175 at 8.)

Unlike the technical judgment in favor of Allied, the judgment and award of $250.00 in favor of Gonzalez affects Allied's behavior toward Gonzalez to the latter's benefit. The monetary award and the finding of liability against Allied at summary judgment also materially altered the parties' legal relationship. The Court therefore concludes that Gonzalez is the prevailing party under *Saint John's* and *Farrar* although she received only an award of statutory damages. *See, e.g.*, *Glass v. Sue*, No. CV 09–8570–RGK (SHx), 2011 WL 561028, at *2 (C.D. Cal. Feb. 8, 2011) (citation omitted) ("[A] plaintiff can still be the prevailing party if the plaintiff recovers less than what was originally sought."); *Jones v. Sw. Credit Sys., L.P.*, Civil Action No. 17-487, 2018 WL 3388309, at * 3 (E.D. Pa. July 12, 2018) ("Although Plaintiff only succeeded on one of his three FDCPA claims, he is considered a prevailing party for the purposes of § 1692k(a)(3).").

Even if the Court accepted Allied's contention that it is a co-prevailing party, Allied would not be entitled to recover fees and costs under § 1692k(a)(3). As noted, under that section, a defendant may recover attorneys' fees and costs only where the action "was brought in bad faith and for the purpose of harassment." 15 U.S.C. § 1692k(a)(3). The Court finds neither ground here. For all these reasons, the Court also declines to award Allied fees based on the Court's inherent authority.

Accordingly, the Court denies Allied's motion for an award of attorneys' fees and costs (ECF No. 171) in its entirety.

**V.    GONZALEZ'S MOTION FOR ATTORNEYS' FEES AND COSTS (ECF NO. 169)**

As she is the prevailing party, an award of attorneys' fees and costs to Gonzalez under § 1692k(a)(3) is mandatory. *See, e.g.*, *Camacho v. Bridgeport Fin., Inc.*, 523 F. 3d 973, 978 (9th Cir. 2008). Thus, the only question for the Court to examine is whether Gonzalez's request for a total award of attorneys' fees in the amount of $121,236.88 and

///

costs in the amount of $6,912.96 (*E.g.,* ECF No. 169 at 23; ECF No. 184 at 9) is reasonable. However, the Court will first address some preliminary, but related, matters.

### A. Preliminary Issues

#### 1. Allied's Counsel's Declaration (ECF No. 180)

In her reply supporting her motion for fees and costs, Gonzalez asks this Court to strike Vernon Nelson's "declaration" (ECF No. 180),[4] arguing it amounts to impermissible supplemental briefing. (ECF No. 184 at 3.) The Court grappled with whether to grant Gonzalez's request given the amount of fees at issue. At the same time, the Court cannot ignore that the declaration, which is not attached to Allied's response (ECF No. 178), in large part provides supplemental briefing and legal analysis (*see* ECF No. 180 at 3–7). *See* LR 7-2(g) ("Supplementation prohibited without leave of court . . . The judge may strike supplemental filings without leave of court."). While inclined to strike the entire document, the Court will consider it to the extent helpful to the analysis *infra*, except that the Court will not consider the legal analysis provided therein.

#### 2. Certain Arguments Allied Makes

The Court also briefly addresses two arguments Allied puts forth in arguing that Gonzalez's fee request is "wholly unreasonable." (ECF No. 178 at 3–5.)

First, Allied contends that Gonzalez's request for fees is unreasonable given: (1) the nature of the violation; (2) the fact that Gonzalez suffered no actual damages as a result of the violation; and (3) Gonzalez was only awarded 25% ($250.00) of the maximum statutory damages award. (*Id.* at 3.) The Court views these arguments as largely regarding proportionality, which the Ninth Circuit Court of Appeals has foreclosed from consideration. *See, e.g.*, *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012) (rejecting the contention that fee awards must be in proportion to the amount of damages recovered and noting that particularly "in consumer protection cases: where the

///

---

[4]Allied also submitted a separate declaration in support of its motion for fees and costs (ECF No. 171-1).

monetary recovery is generally small, requiring direct proportionality for attorney[s'] fees would discourage vigorous enforcement of the consumer protection statutes").[5] To the extent Allied's contentions may be considered unrelated to proportionality, the Court finds them to be subsumed in the "lodestar" calculation/analysis, discussed *infra*.

Second, Allied weaves its contention that Gonzalez and her counsel acted in bad faith into its reasonableness arguments. (ECF No. 178 at 5.) Specifically, Allied appears to argue that Gonzalez and her counsel manufactured a "technical violation" and brought this claim merely to seek "an incredibly high fee request." (*Id.*) Relying on *Davis v. Credit Bureau of the South*, 908 F.3d 972, 976–78 (5th Cir. 2018), Allied advocates for a denial of Gonzalez's fees to deter attorneys from demanding unreasonable fees in FDCPA cases. (*Id.*) The Court is unpersuaded. Based on the Court's familiarity with this case, the Court finds that there are arguments to be made that both parties should have been dissuaded from pursuing this case through trial. However, it is the parties' zealous advocacy and apparent inability to work out a settlement that have gotten us here. Thus, absent "rare and exceptional circumstances"[6]—which Allied has not demonstrated—the Court considers only the traditional "lodestar" calculation and factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *recognized as abrogated on other grounds by Stetson v. Grissom*, 821 F.3d 1157, 1167 (9th Cir. 2016).

### B. Lodestar Inquiry

A "reasonable" fee is a fee that is "sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). The district court "has a great deal of discretion in determining the reasonableness of the fee." *Prison Legal News v. Schwarzenegger,* 608 F.3d 446, 453 (9th Cir. 2010).

///

---

[5]Allied's attempt to distinguish *Evon* (ECF No. 178 at 3–4) does not alter the application of *Evon*'s legal principle to this case.

[6]*See, e.g.*, *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Reasonable attorneys' fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Next, the court decides whether to adjust the lodestar calculation based on an evaluation of the *Kerr* factors, that have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit set forth in *Kerr* are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the sixth factor, whether the fee is fixed or contingent, *may not* be considered in the lodestar calculation. *See Davis v. City & County of San Francisco.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Finally, only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted).

### 1. Hourly Rate

A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community for "similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). The burden is on the party seeking fees to show that the requested rates are in

line with prevailing market rates. *Id.* "Affidavits of the plaintiff's attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *Camacho*, 523 F. 3d at 980.

Here, Gonzalez seeks fees for two attorneys—Abbas Kazerounian (a partner) and Michael Kind (an experienced associate). (*E.g.*, ECF No. 169 at 9.) Gonzalez requests an hourly rate of $275.00 for Kind and $500.00 for Kazerounian. (*Id.*) In support of these rates, each attorney submits an affidavit, along with an affidavit of another consumer litigation attorney—Miles Clark, attesting that these rates are within the prevailing market rate. (ECF Nos. 169-1, 169-2, 169-3.) Allied challenges the requested rates, in part arguing that Gonzalez's counsel appear to have billed for clerical (non-billable) work and otherwise drawing comparison to Allied's counsel's rate of $195.00 per hour. (ECF No. 178 at 6.) The former contention is not immediately relevant, although relevant to the overall reasonableness of the amount of fees. The latter adds nothing to the Court's inquiry regarding the prevailing rate; and, it is admittedly not even Allied's counsel's customary rate. (*See, e.g.*, ECF No. 171 at 14 (Allied's now denied motion for attorneys' fees providing "[i]n fact, LOVN offered a reduced rate of $195 per hour for this case. Mr. Nelson's average hourly rate ranges from $400.00/hour to $500[.00]/hour. The rates charged by LOVN are fair and reasonable for services in the legal community, who have the level of experience and expertise akin to LOVN").

The Court finds the requested rates are generally in line with rates the Court has approved in the past. *See, e.g.*, *Plaza Bank v. Alan Green Family Trust*, No. 2:11-CV-00130-MMD, 2013 WL 1759580, at *2 (D. Nev. Apr. 24, 2013) (finding rates of $425.00–$475.00 for partners and $250.00–$325.00 for associates reasonable); *Liberty Media Holdings, LLC v. FF Magnat Ltd.*, No. 2:12-cv-01057-GMN-RJJ, 2012 WL 3834744, at *2 (D. Nev. Sep. 4, 2012) (recognizing "$400-$500 per hour for partners . . . $325 per hour for associate attorneys" was "reasonable rates in the Las Vegas legal market").
///

1 Accordingly, the hours the Court finds to have been reasonably expended will be
2 calculated by the hourly rate of $275.00 for Kind and $500.00 for Kazerounian.

### 2. Hours Expended

Gonzalez submits that counsel expended over 350 hours on this case—267.025 hours by Kind at the time of the fee motion and 90.68 hours by Kazerounian. (ECF No. 169 at 9, 14.) Counsel seeks an additional $1,815.00 for 6.6 hours of additional work by Kind and $650.00 for 1.3 additional hours by Kazerounian in opposing Allied's motion for fees and costs and replying in support of Gonzalez's motion for the same. (ECF No. 184 at 8–9.) As stated, Gonzalez seeks a total fee award of $121,236.88. (ECF Nos. 184-1 at 14–15 ($45,340.00 for Kazerounian, plus additional 1.3 hours); ECF No. 184-2 at 5, 7 ($73,431.88 for Kind, plus additional 6.6 hours).) Allied argues that counsel's hours are unreasonable because the time descriptions are inadequate and reflect impermissible block billing,[7] and the amounts billed include unnecessary charges and overlapping billing. (ECF No. 178 at 6; ECF No. 180 at 1–2, 9–22.)

The Court finds that a paying client would not likely have tolerated at least some of the billing by Gonzalez's counsel (*see* ECF Nos. 169-5, ECF No. 169-6). The Court will therefore apply a 10% across-the-board reduction to the billed hours—for Kind and Kazerounian separately—to account for inefficiencies, duplicative work and redundancies. *See, e.g.*, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[A] district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its discretion and without a more specific explanation.").

The Court assesses this 10% cut (rounded to the nearest tenth) before making additional reductions identified below. Accordingly, Kazerounian's hours are reduced by 9.2 hours, to 82.8 hours. Kind's hours will be reduced by 27.4 hours, to 246.2 hours.

///

---

[7]Block-billing is "billing that lumps activities together and makes it difficult for the Court to determine whether the hours are spent on a given activity." *Nat'l Council of La Raza v. Cegavske ("La Raza")*, No. 3:12-cv-00316-MMD-VPC, 2017 WL 2683683, at *5 (D. Nev. June 21, 2017).

As to block billing, Allied points to what it considers examples of such via Vernon's declaration and contends that the total amount of these block-billing entries accounts for $18,950.00. (ECF No. 180 at 1–2, 9–22.) On its own assessment, the Court deems the following entries *notable* and *impermissible* block billing[8] and will apply a 20% reduction as to each noted entry because counsel applied no obvious billing increments to guide the Court.[9]

For Kazerounian:

| Date | Task No. | Hours Billed | After Reduction |
|---|---|---|---|
| 7/31/2019 | 413 | 3.8 | 3.04 |
| 8/10/2019 | 483 | 9.6 | 7.68 |
| 8/11/2019 | 488 | 5 | 4 |
| 8/11/2019 | 491 | 5 | 4 |

(*See* ECF No. 169-5.) Rounded to the nearest tenth, the 20 percent reduction applied to the noted hours brings Kazerounian's total hours to 78.1.

For Kind:

| Date | Task No. | Hours Billed | After Reduction |
|---|---|---|---|
| 8/10/2019 | 485 | 9.5 | 7.6 |
| 8/11/2019 | 489 | 7.5 | 6 |

(*See* ECF No. 169-6.) Rounded to the nearest tenth, the 20 percent reduction applied to the noted hours brings Kind's total hours to 242.8 hours.

///

///

---

[8]The Court allows for some flexibility particularly in instances were the work was related to trial and some identifiable exercise was done that may be reasonable relative to the claimed hours.

[9]Consistent with *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007), the Court may reduce the hours billed. "Courts in this circuit, relying on a report by the California State Bar's Committee on Mandatory Fee Arbitration, have reduced block billed time by 20%." *La Raza*, 2017 WL 2683683, at *5.

### 3. Remaining *Kerr* Factors

Considering the *Kerr* factors not already lumped into the lodestar analysis, Allied suggests a downward departure based on factors 8 through 12. (ECF No.178 at 7; ECF No. 180 at 6–7.) The Court finds that consideration of these factors does not present the type of rare circumstances to justify a departure from the lodestar calculation.

Most notably, as to factor 12, Allied cites to several cases in Vernon's declaration to show that fees in similar cases are typically less than $30,000.00. (ECF No. 180 at 7.) However, as Gonzalez points out (ECF No. 184 at 6–7), these cases are easily distinguishable because they were either resolved early—not go to trial as in this case—or resulted in a default judgment. *See Lamont v. Jakoby Law Firm, P.C.*, No. 3:14-cv-809-AC, 2015 WL 1970395 (D. Or. Apr. 29, 2015) (default judgment); *Egan v. Midland Funding, LLC*, No. 3:16-cv-01847-PK, 2017 WL 5493991 (D. Or. August 28, 2017) (settled shortly after Rule 26 conference and awarding $23,810.00 in fees); *Kingry v. Portfolio Recovery Assocs., LLC*, No. CV 12–4090 FMO (CWx), 2013 WL 4012717 (C.D. Cal. Aug. 6, 2013) (settling early in litigation and awarding $10,909.50 in fees), *Preston v. Appollo*, 2:14-cv-00055-JAD-PAL (D. Nev. 2015) (default judgment). Further, Factor 11—the nature and length of the professional relationship with the client—does not affect the calculus because Gonzalez's relationship with counsel is limited to this case (*see* ECF No. 169 at 19). Factors 8 (time involved and results obtained), 9 (experience, reputation, and ability of counsel) (*see* ECF Nos. 169-5, 169-6), and 10 (desirability of the case) favors the award for Gonzalez's counsel.

In sum, based on the adjustments noted, the Court determines that Gonzalez is entitled to $105,820.00 in fees. This total consists of Kazerounian's 78.1 hours at an hourly rate of $500.00 ($39,050.00) and Kind's 242.8 hours at a hourly rate of $275.00 ($66,770.00).

### C. Costs

Gonzalez seeks $6,912.96 in out-of-pocket costs, including for meals. (ECF No. 169 at 20; ECF No. 169-4.) Gonzalez cites no caselaw supporting that she may recover

costs for meals. (*See* ECF No. 169 at 20–21.) The other costs are appropriate and compensable, despite Allied's contention that they are not recoverable under Rule 54 and LR 54-14(b) (ECF No. 178 at 7). *See, e.g.*, *La Raza*, 2017 WL 2683683, at *7 ("Because Plaintiffs' Motion is brought under the fee shifting provision . . . rather than Fed. R. Civ. P. 54(d)(1) and LR 54–1, the Court finds Defendants' argument unavailing."); *see also Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991) (allowing travel costs); *Woods v. Carey*, 722 F.3d 1177, 1180 n.1 (9th Cir. 2013) (noting that recoverable costs normally charged to fee-paying clients include photocopying, paralegal expenses, and travel and telephone costs). The Court will award the requested costs minus amounts for meals.

Within 5 days of when this order is issued, counsel for Gonzalez will need to submit a new affidavit of costs which excludes meal expenses.

**VI.     GONZALEZ'S MOTION FOR SANCTIONS UNDER RULE 11 (ECF NO. 191)**

The Court will deny Gonzalez's motion for sanctions under Rule 11 against Allied and its counsel for seeking attorneys' fees and arguing this case was brought in bad faith (ECF No. 191).

A party may be assessed sanctions under Rule 11 "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). Rule 11, however, "is not intended to permit sanctions just because the court later decides that the lawyer is wrong." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1508 (9th Cir. 1987) (internal quotes omitted).

The Court concludes that Allied's argument contending that it is a co-prevailing party was not so baseless as to warrant sanctions against it for bringing a motion for fees on that ground. Further, Allied may very well believe, within reason, that Gonzalez and her counsel pursued this case through trial in bad faith although the Court finds to the contrary. Accordingly, the Court declines to sanction Allied for filing its motion for fees and costs.

///

///

**VII. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Gonzalez's motion for attorneys' fees and costs (ECF No. 169) is granted. Gonzalez will be awarded fees in the amount of $105,820.00. While the Court also finds that an award of costs is proper here, Gonzalez's counsel must file an affidavit excluding meal costs, as directed *supra*, within 5 days of this order.

It is further ordered that Allied's motion for attorneys' fees (ECF No. 171) is denied.

It is further ordered that Gonzalez's motion for sanctions under Rule 11 (ECF Nos. 191, 192 (corrected image)) is denied.

DATED THIS 25th day of November 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE